Curia, per Richardson, J.
—
-We have no express decision by which to decide the question made in this case, but we have some analagous decisions. For instance, the case of City Council of Beaufort v. Banner et al. In that case, •where the motion for a prohibition, filed by the relator, was dismissed without any order of the Court concerning the costs, costs were refused to the defendant.
It would seem from that decision that if the prohibition in the case before us had been dismissed, Tavel, the relator, would not have been obliged to pay any costs, and there is much the same reason for concluding, that by the success of his motion, the Tax Collector is in like manner subject to pay no costs.
Again, by the Act of 1747, in actions of tort, no costs are allowed, unless the verdict be £20 currency, ($12 24.) If this measure of costs be allowed, then, unless the relator have a verdict to that amount, he can have no costs.
Arguing, therefore, from analogy to cases of tort, it would seem that cases of prohibition might well follow the same rule.
But the most satisfactory reasons for the decision of the Circuit Judge, are to be found in the following principles of law.
*305 At common law, no costs were allowed; and it follows, that unless the applicant for costs can show his right under, sóme statutory provision, he can claim no costs : and we look in vain for any such provision in favor of Tavel.
I must also add, that the principle laid down by the Judge, in favor of the Tax Collector, appears to be rational and convincing.
No Judge or judicial officer-is personally liable for the consequences of any honest, though mistaken judgment. In 'Young v. Herbert the Court said, in the exercise of judicial authority, malice must be proved to make the Judge answerable. The principle of such exemption is evidently this, that the Judge being bound to decide according to his own standing, can follow no other standard than that of his own judgment. It is the only standard to which he can resort.
But the same reason equally applies to every officer who is required to act in any matter, or not act, according to the information he may be enabled to obtain, and his own conclusion upon such information. All thatcan.be required ofany officer placed in such position, is to decide honestly and discreetly.
This was the position of the tax collector, and we must conclude, until the contrary be made to appear, that he issued his tax execution against Tavel, believing him subject to the capitation tax laid on free negroes. And such is the meaning of the Circuit Judge in his decision in the case before the Court. The motion is therefore dismissed.
EvaNS and Frost, ,JJ. concurred.

Motion refused.

Waudlaw, J.
I do not agree that by his official character, or any necessity for his exercise of an honest judgment, the tax collector is exempted from the payment of costs.
I am of opinion that the plaintiff in prohibition cannot here recover costs, because the Statute of 8 and 9 W. 3, c. 11, has never been made of force in this State; and although under the Statute of Gloucester, costs would follow the recovery of even nominal damages, by our Act of 1747, P. L. 214, any person who in any action shall not recover above the sum of £20 currency loses his costs, which by subsequent Act is allowed only in cases that involve the title to property.
I suppose the declaration here to have been what a deciar-ation in prohibition properly is, a declaration for damages occasioned by a fictitious contempt. If it was a declaration upon a feigned issue directed by the Court, the order for the issue ought to have given directions concerning the costs; perhaps in default of such directions, it might be implied that the parties assented to a rule that the costs should abide the Court.